IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                               Criminal Action No. 3:99CR1-02

EUGENE LMAR JACKSON,

    Defendant.

**REPORT AND RECOMMENDATION THAT MOTION FOR PRODUCTION OF DOCUMENTS BE GRANTED, MOTION FOR AMENDMENT OF THE JUDGMENT AND COMMITMENT ORDER BE DENIED, MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS BE DENIED AS MOOT, AND MOTION FOR COURT TO PLACE IN ABEYANCE THE ORDERED RESTITUTION BE DENIED**

I. Introduction

    A.    Background

Defendant was one of two Defendants indicted in a six count indictment related to conspiracy to defraud and stolen vehicles and firearms offenses. Defendant pleaded guilty on April 5, 1999, to Count 4, interference with commerce by threat or violence and Count 6, use and carry of a firearm during a crime of violence. On July 1, 1999, Defendant was sentenced to 41 months imprisonment on Count 4 and 60 months consecutive on Count 6.

    B.    The Motions

        1.    Motion for Production of Documents.[1]

        2.    Motion for Amendment of the Judgment and Commitment Order.[2]

---

[1] Doc. No. 117.

[2] Doc. No. 120.

3. Motion for Leave to Proceed In Forma Pauperis.[3]

4. Motion for Court to Place in Abeyance the Ordered Restitution.[4]

C. Decisions and Recommendations

1. I recommend the Motion for Production of Documents be **GRANTED** because Defendant is entitled to a copy of the March 24, 2000 transcript. The Clerk is directed to send Defendant a copy of CJA Forms 23 and 24. Defendant shall complete the forms and return them to the Clerk if he is financially unable to pay for the transcript. The Clerk shall order a copy of the transcript upon receipt of a financial affidavit showing Defendant does not have sufficient cash to purchase the transcript.

2. I recommend the Motion of Amendment of the Judgment and Commitment Order be **DENIED** because the last sentence of 18 U.S.C. § 3584(a) makes the federal sentence presumptively consecutive in all unprovided for cases and allows the state judge or attorney general to decide whether a federal sentence imposed prior to a state sentence is consecutive or concurrent.

3. I recommend the motion to proceed in forma pauperis be **DENIED AS MOOT** because all his motions have been filed in this criminal action and no filing fees are required.

4. I recommend the Motion for Court to Place in Abeyance the Ordered Restitution be **DENIED** because Defendant has not demonstrated a sufficient change in circumstances to justify holding the restitution in abeyance.

---

[3] Doc. No. 123.

[4] Doc. No. 124.

II. Facts

A docket entry dated March 24, 2000, states that "Status conference as to Eugene Lmar(sic) Jackson held 3/24/00 in Martinsburg."

A rough draft of the transcript of that hearing indicates that Judge Broadwater, Assistant United States Attorney Mucklow and defense counsel Joel all believed the sentence should run concurrent with the state sentence.

Docket entry 104 dated April 5, 2000, states "ORDER as to Eugene Lmar Jackson directing Mr. Hoxton to contact BOP to determine if an amendment to the J & C could facilitate the Defendant's transfer to a federal facility. (Signed by Judge W. Craig Broadwater) (Copy to Judge Broadwater, AUSA, USPO, USM, counsel, and defendant-Mt. Olive) (njz) (Entered: 04/05/2000)".

III. Motion for Amendment of Judgment and Commitment Order

A. Discussion

1. Motion for Modification of Sentencing Order

Defendant's request is simple and clear. Defendant requests the Court that his federal sentence run concurrently with his Virginia sentence.

18 U.S.C. § 3584 (a) Imposition of concurrent or consecutive terms provides in pertinent part: "... Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." However, in the case at bar, the federal sentence of imprisonment was imposed before the state term of imprisonment was imposed. Thus, the question becomes whether a district court may require its sentence to be served consecutively to a state sentence that will be imposed in the future. The reasoning of the Court in Romandine v. United

3

States, 206 F.3d 731 (7th Cir. 2000) appears to be most logical when it discusses the split among the circuits:

> *United States v. Brown,* 920 F.2d 1212, 1217 (5th Cir. 1991) (yes); (*United States v. Quintero,* 157 F.3d 1038 (6th Cir. 1998) (no); *United States v. Clayton,* 927 F.2d 491 (9th Cir. 1991) (no); *United States v. Williams,* 46 F.3d 57 (10th Cir. 1995) (yes); *United States v. Ballard,* 6 F.3d 1502, 1510 (11th Cir. 1993),* (yes). We join the circuits that answer "no," because § 3584(a) allows the district judge to specify the sequence of service only when sentences are imposed at the same time, or the other sentence is "an undischarged term of imprisonment" to which the defendant is "already subject". But the answer does not matter, and the conflict is illusory, for reasons we have given: the final sentence of § 3584(a) makes the federal sentence presumptively consecutive in all unprovided-for cases, and the effective decision then is made by the Attorney General (or the state judge) rather than the federal judge.

In the absence of any Fourth Circuit authority, it appears the reasoning in Romandine should prevail. Because the federal court sentenced first, the decision as to whether the state sentence runs consecutively or concurrently is up to the state judge and the Attorney General through the Bureau of Prisons. In addition, the Bureau of Prisons program statement 5160.05 provides that inmates may make nunc pro tunc requests for credit for time served in a state sentence.

Defendant was sentenced in this district prior to his sentence in West Virginia. Romandine holds that when the federal sentence is imposed first it is presumptively consecutive. The last sentence of 18 U.S.C. § 3584(a) allows the state judge or the attorney general to determine whether the sentences are concurrent or consecutive, not the federal court.

IV. Motion for This Court to Place in Abeyance the Ordered Restitution

A. Defendant's Contention

Defendant contends he should be relieved of paying restitution pursuant to West Virginia Code § 29-21-16(g)(3).

B. Discussion

West Virginia Code § 29-21-16(g)(3) has no applicability in federal court. Federal statutes which permit modification of restitution orders permit such modification only for changed circumstances. United States v. McMahon, 225 F.3d 656 (4th Cir. 2000). Defendant has provided no changed circumstances that would justify holding the Court ordered restitution in abeyance.

C. Recommendation

Because the West Virginia Code has no applicability in federal court and defendant has provided no changed circumstances that would justify holding the Court ordered restitution in abeyance, I recommend the motion be **DENIED**.

V. Decisions and Recommendations

1. I recommend the Motion for Production of Documents be **GRANTED** because Defendant is entitled to a copy of the March 24, 2000 transcript. The Clerk is directed to send Defendant a copy of CJA Forms 23 and 24. Defendant shall complete the forms and return them to the Clerk if he is financially unable to pay for the transcript. The Clerk shall order a copy of the transcript upon receipt of a financial affidavit showing Defendant does not have sufficient cash to purchase the transcript.

2. I recommend the Motion of Amendment of the Judgment and Commitment Order be **DENIED** because the last sentence of 18 U.S.C. § 3584(a) makes the federal sentence

presumptively consecutive in all unprovided for cases and allows the state judge or attorney general to decide whether a federal sentence imposed prior to a state sentence is consecutive or concurrent.

      3.     I recommend the motion to proceed in forma pauperis be **DENIED AS MOOT** because all his motions have been filed in this criminal action and no filing fees are required.

      4.     I recommend the Motion for Court to Place in Abeyance the Ordered Restitution be **DENIED** because Defendant has not demonstrated a sufficient change in circumstances to justify holding the restitution in abeyance.

Any party who appears pro se and any counsel of record, as applicable, may, within ten (10) days from the date of this Report and Recommendation, file with the Clerk of the Court the written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation.

The Clerk of the Court is directed to provide a copy of this Report and Recommendation to parties who appear pro se and all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: April 16, 2008

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE