**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**UNITED STATES OF AMERICA,**

Plaintiff,

v.  CRIMINAL NO. 3:99-CR-1-2
(Judge Bailey)

**EUGENE LMAR JACKSON,**

Defendant.

### ORDER DENYING RECONSIDERATION FOR APPOINTMENT OF COUNSEL

This matter is now before the Court for consideration of the defendant's motion for Reconsideration of Appointment of Counsel [Doc. 170]. In his motion, the defendant requests reconsideration of his July 8, 2009, letter to Magistrate Judge David J. Joel, which this Court construed as a motion to appoint counsel.

The defendant argues that he was simply inquiring as to whether his prior counsel, David J. Joel, would be able to represent him in this pending matter. This Court notes that David Joel is now the Magistrate Judge for this Court sitting in Martinsburg. Accordingly, as to Mr. Jackson's request to have Magistrate Judge Joel serve as counsel, this request must be **DENIED**.

As to the defendant's request to appoint counsel generally, the defendant again states no basis whatsoever in support of his motion except that he is "legally incompetent" and indigent. The Fourth Circuit Court of Appeals has recognized that "[t]here is no right to counsel in post-conviction proceedings." ***Hagie v. Pinion***, 995 F.2d 1062 (4th Cir. 1993)

1

(citing **Pennsylvania v. Finley**, 481 U.S. 551, 556-57 (1987)). In **Pennsylvania v. Finley**, the Supreme Court stated "the equal protection guarantee of the Fourteenth Amendment does not require the appointment of an attorney for an indigent appellant just because an affluent defendant may retain one. 'The duty ... under our cases is not to duplicate the legal arsenal that may be privately retained by a criminal defendant in a continuing effort to reverse his conviction, but only to assure the indigent defendant an adequate opportunity to present his claims . . ..'" 481 U.S. at 556 (quoting **McKane v. Durston**, 153 U.S. 684 (1894)).

Based on the foregoing, this Court is of the opinion that the motion for Reconsideration for Appointment of Counsel **[Doc. 170]** should be, and is, hereby **DENIED**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein and to mail a true copy to the *pro se* defendant.

**DATED**: August 10, 2009.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE