IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**EUGENE L. JACKSON,**

        Petitioner,

v.                                                                     Criminal Action No. 3:99cr1-02
                                                                             (Judge Bailey)

**FEDERAL BUREAU OF PRISONS,**
**WEST VIRGINIA DIVISION OF CORRECTIONS,**

        Respondents.

## REPORT AND RECOMMENDATION

### I. Background

On August 27, 2009, the *pro se* petitioner filed a Petition for Writ of Mandamus. The petition was referred to the undersigned on July 30, 2009. This matter is before the undersigned for a preliminary review and Report and Recommendation.

### II. Facts

On July 1, 1999, following a guilty plea, the petitioner was sentenced by the Honorable W. Craig Broadwater to a 41-month term for interference with Commerce by Threat or Violence in Violation of 18 U.S.C.§ 1951 and a 60-month consecutive term for Use and Carry of a Firearm During a Crime of Violence in violation of 18 U.S.C. § 924(c). (Doc. 149-3, p. 2). At the time the federal sentence was imposed, the petitioner was under the primary jurisdiction of state authorities in West Virginia, and in federal custody pursuant to a writ. Following sentencing, the petitioner was returned to West Virginia authorities.

On July 23, 1999, the petitioner pleaded guilty to the offense of felony sexual assault in the first degree in the Circuit Court of Berkeley County, West Virginia and was sentenced to a term of

not less than fifteen years nor more than thirty five years. The order imposing the sentence indicated that the petitioner's sentence was to run concurrently with that of the federal authorities. (Doc. 149-2, p.3). The order also provided that the petitioner was to receive credit for all time served, and the effective sentencing date was, therefore, designated as June 10, 1998. (Id.).

On March 24, 2000, a status conference was conducted by Judge Broadwater with the petitioner, David Joel, his federal defense counsel, David Camelletti, his state defense counsel, Thomas Mucklew, Assistant United States Attorney, and Mr. Hoxton, USPO, all appearing either in person or by telephone. During the hearing, the petitioner expressed his understanding that when he accepted the plea agreement, he would be going to a federal facility first and then serve out the remainder of his state sentence thereafter.[1] The transcript of the hearing appears to indicate that when the petitioner was sentenced on his federal conviction, all believed that language making the petitioner's federal sentence concurrent to his state sentence was unnecessary because it was assumed that because the state sentence was the longer sentence, the federal sentence would be served first. Judge Broadwater then indicated his belief that it might be sufficient to amend the petitioner's judgment and commitment order to reflect the parties' agreement that the federal sentence was to run concurrently with the state sentence. On April 5, 2000, an Order was entered directing Mr. Hoxton to contact the BOP to determine if an amendment to the Judgment and Commitment would facilitate the defendants transfer to a federal facility. It does not appear that any further action was taken as the result of the March 24, 2000 hearing.

On December 26, 2006, the petitioner filed a Motion to Amend his Judgment and

---

[1] If, in fact, the petitioner been sent to a federal facility first, it appears that by virtue of the state sentencing order, he would have received full credit for all time spent in federal custody against his state sentence.

Commitment Order because, in his opinion, the BOP had made their position clear: "they will not credit [his] federal sentence while in state custody despite the fact that the state sentencing court ordered the sentences to run concurrent." (Doc. 120, p. 5). Specifically, the petitioner requested that the court amend its "ambiguous" Judgment and Commitment Order retroactively to ensure that he is given credit on his federal sentence for the time spent in state custody. In addition, the petitioner requested that he be transferred to federal custody, but only if his physical presence in a federal facility was necessary for processing and computation of credit for time served. On January 28, 2008, the matter was referred to the undersigned, and on April 16, 2008, a Report and Recommendation was entered which recommended that the petitioner's Motion to Amend be denied. On May 6, 2008, the Court adopted the Report and Recommendation

### III. The Petition

The petitioner now seeks an order directing the Federal Bureau of Prisons and the West Virginia Division of Corrections to honor the July 23, 1999 order of the Circuit Court of Berkley County that his state sentence be run concurrently to his federal sentence. More specifically, the petitioner seeks the following relief:

1. [His] sentence be readjusted pursuant to Title 18 Crime & Criminal Procedure Appx; Sentencing Guideline Manual § 5G1.3 (b); or

2. An order be issued to the Federal Bureau of Prisons ordering the BOP to take immediate custody of [him] to allow his undischarged State sentence to run concurrently with his Federal sentence as the State order intended; or

3. An order issued to the Federal Bureau of Prisons ordering the BOP to consider his Federal Sentence as being served in a State prison with time served.

(Doc. 149, p. 2).

### IV. Analysis

A. Sentencing Guideline Manual § 5G1.3(b)

The petitioner first requests that his sentence be readjusted pursuant to § 5G1.3(b) of the United States Sentencing Guidelines. If applicable, § 5G1.3(b) directs that "the sentence shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment." Section 5G1.3(b) does not apply here. In this case, when the Federal Court imposed its sentence[2], there were state court charges pending but no state court sentence had been imposed. Romandine v. U.S., 206 F.3d 731, 737-738 (7th Cir. 2000). Therefore, at the time of the imposition of his federal sentencing, the petitioner was not subject to a "term of imprisonment." See 8 U.S.C. § 1101(a)(48)(B) (defining "term of imprisonment" as "the period of incarceration or confinement ordered by a court of law"). Accordingly, Judge Broadwater could not order the sentence to run concurrently to a nonexistent sentence yet to be imposed by the state court.

B. The BOP

The petitioner requests alternative relief with respect to the BOP. First, he requests that an order be issued to the Federal Bureau of Prisons ordering the BOP to take immediate custody of [him] to allow his undischarged State sentence to run concurrently with his Federal sentence as the State order intended. Second, the petitioner requests that an order be issued to the Federal Bureau of Prisons ordering the BOP to consider his Federal Sentence as being served in a State prison with

---

[2]At the time the petitioner was sentenced, Rule 35 of the Federal Rules of Civil Procedure used the term "imposition of sentence." The term "imposition of sentence" was not defined in the rule and the courts addressing the meaning of the term were split. However, the majority view was that the term meant the oral announcement of the sentence and the minority view was that it meant the entry of the judgment. See United States v. Aguirre, 214 F.33d 1122, 1124-25 (9th Cir. 2000) (discussion of original Rule 35(c) and citing cases.) The Fourth Circuit adhered to the majority view. See United States v. Layman, 116 F.3d 105, 108-09 (4th Cir. 1997), *cert. denied*, 522 U.S. 1107 (1998). As now written, Rule 35(c) specifically defines "sentencing" as meaning the oral announcement of the sentence.

time served.

Pursuant to 28 U.S.C. § 1361, "the district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." However, the Court's authority to issue a writ of mandamus extends only to the issuance of writs necessary or appropriate in aid of its jurisdiction. 28 U.S.C. § 1651. "The remedy of mandamus is a drastic one, to be invoked only in extraordinary circumstances." Kerr v.United States Dist. Court, 426 U.S. 394, 402 (1976). "The party seeking mandamus relief carries the heavy burden of showing that he has no other adequate means to attain the relief he desires and that his right to such relief is clear and indisputable." In re Beard, 811 F.2d 818, 826 (4th Cir. 1987) (internal quotations omitted). In this instance, the petitioner's right to relief is not clear and indisputable.

As previously noted, the petitioner was in the primary custody of the State of West Virginia at the time he was sentenced and was returned to the State's custody, where his state sentence was imposed. While the state sentence clearly indicates that the petitioner's sentence was to run concurrently with that of the federal authorities, the state court's decision to run the state sentence concurrent to the federal sentence is irrelevant. "[A] state court cannot unilaterally impose a concurrent sentence on a federal sentence." Martin v. Lamanna, 2009 WL 690686 *7 (D.S.C. Mar. 16, 2009) (citing United States v. Hayes, 535 F.3d 907, 912 (8th Cir. 2008) (stating that "[t]he state court had no authority to designate the federal sentence as concurrent to the state sentence" because the federal sentence would not run so long as the defendant remained in state custody"); United States v. Eccleston, 521 f.3d 1249, 1254 (10th Cir. 2008) (stating that "the determination of whether a defendant's 'federal sentence would run consecutively to his state sentence is a federal matter

which cannot be overridden by a state court provision for concurrent sentencing on a subsequently obtained state conviction.'") (quoting <u>Bloomgren v. Belaski</u>, 948 f.2d 688, 691 (10th Cir. 1991)). Therefore, "[t]he federal government cannot be compelled by an agreement between the prisoner and the state authorities to grant a concurrent sentence." *Id.* (citing <u>Jake v. Herschberger</u>, 173 F.3d 1059, 1065 (7th Cir. 1999); <u>United States v. Miller</u>, 49 F.Supp.2d 489, 494 (E.D.Va. 1999)).

Furthermore, this court has "no authority to violate the statutory mandate that federal authorities need only accept prisoners upon completion of their state sentence and need not credit prisoners with time spent in state custody." <u>Del Guzzi v. U.S.</u>, 980 F.2d 1269, 1271 (9th Cir. 1992). Because the relief the petitioner requests with respect to the BOP is clearly not available, a Writ of Mandamus cannot issue.

C. <u>18 U.S.C. 3621(b)</u>

Although the petitioner does not raise the issue in the petition, it is apparent that he previously requested that the BOP grant him credit towards his federal sentence for the time he has spent in state custody. As a result of the decision in <u>Barden v. Keohane</u>, 921 F.2d 476 (3rd Cir. 1990), the BOP considers such a request for credit as a request for a retroactive concurrent designation. In considering such requests, the BOP considers the factors set forth in 18 U.S.C. § 3621(b) which is the statute authorizing the BOP to designate the place of a prisoner's imprisonment. More particularly, the BOP considers (1) the resources of the facility contemplated; (2) the nature and circumstances of the offense, (3) the history and characteristics of the prisoner, (4) any statement by the court that imposes the sentence, and (5) any pertinent policy statement issued by the Sentencing Commission pursuant to 28 U.S..C. § 994(a)(2). In considering the petitioner's request, the BOP sent a letter to Judge Broadwater on February 4, 2008, indicating that it is the "preference of the Bureau that the federal Sentencing Court be given an opportunity to state its position with respect to retroactive designation,

which, while not binding, can be helpful in our determination to grant or deny the request. However, Judge Broadwater died on December 18, 2006, and it does not appear that the letter was ever received by any other judge within this district.[3] On April 18, 2008, the BOP denied the petitioner's request, and noted among its reasons for denial, the failure of the sentencing court to indicate its desire for a retroactive designation. However, it would appear to the undersigned, upon review of the transcript of the March 24, 1990 hearing, that had he been alive, Judge Broadwater would have indicated a preference for a retroactive designation.[4]

## IV. RECOMMENDATION

Based on the foregoing, the undersigned recommends that the petition for Writ of Mandamus be **DENIED and DISMISSED**. In addition, to the extent the Court deems it appropriate, the undersigned recommends that the Court notify the Federal Bureau of Prisons of its desire for a retroactive designation of the state prison facility for service of the petitioner's 41-month sentence for interference with Commerce by Threat or Violence in Violation of 18 U.S.C.§ 1951.

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable John Preston Bailey, United States District

---

[3] The undersigned received a copy of the letter from the BOP through the US Probation Office.

[4] It must be noted that petitioner's conviction under 18 U.S.C. § 924 carries a mandatory minimum five (5) year sentence and "no term of imprisonment imposed on a person under this section shall run concurrently with any other term of imprisonment imposed on the person...." 18 U.S.C. § 924 (D)(ii).

Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1);<u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins,</u> 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), <u>cert. denied,</u> 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last know address as shown on the docket sheet.

DATED: August 13, 2009

       /s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE