**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**MARTINSBURG**

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.

                                                  **CRIMINAL ACTION NO. 3:99-cr-1-02**
                                                  **(BAILEY)**

**EUGENE LMAR JACKSON,**

    Defendant.

**ORDER ADOPTING REPORT AND RECOMMENDATION**

I.    Introduction

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation of United States Magistrate Judge James E. Seibert. By Order dated July 30, 2009 [Doc. 174], this action was referred to Magistrate Judge Seibert for submission of a proposed report and a recommendation ("R & R"). Magistrate Judge Seibert filed his R & R on August 13, 2009 [Doc. 177]. In that filing, the magistrate judge recommended that this Court deny the Writ of Mandamus and dismiss this action.

Pursuant to 28 U.S.C. § 636 (b) (1) (c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140,

1

150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Seibert's R & R were due within ten (10) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b). This Court notes the petitioner timely filed his Objections [Doc. 180] on August 25, 2009. Accordingly, this Court will review the portions of the report and recommendation to which the petitioner objects *de novo*. The remaining portions of the R&R will be reviewed for clear error.

## II. Factual and Procedural History

On July 1, 1999, following a guilty plea, the petitioner was sentenced by the late Honorable W. Craig Broadwater to a 41-month term of incarceration for interference with Commerce by Threat or Violence in Violation of 18 U.S.C. § 1951 and a 60-month consecutive term for Use and Carry of a Firearm During a Crime of Violence in violation of 18 U.S.C. § 924(c). Doc. 149-3, p. 2. At the time the federal sentence was imposed, the petitioner was under the primary jurisdiction of state authorities in West Virginia, and in federal custody pursuant to a writ. Following sentencing, the petitioner was returned to West Virginia authorities.

On July 23, 1999, the petitioner pleaded guilty to the offense of felony sexual assault in the first degree in the Circuit Court of Berkeley County, West Virginia and was sentenced to a term of not less than fifteen years nor more than thirty five years. The Order imposing the sentence indicated that the petitioner's sentence was to run concurrently with that of

the federal authorities. Doc. 149-2, p.3. The Order also provided that the petitioner was to receive credit for all time served, and the effective sentencing date was, therefore, designated as June 10, 1998. Id.

On March 24, 2000, a status conference was conducted by Judge Broadwater with the petitioner, David Joel, his federal defense counsel, David Camelletti, his state defense counsel, Thomas Mucklow, Assistant United States Attorney, and Mr. Hoxton, USPO, all appearing either in person or by telephone. During the hearing, the petitioner expressed his understanding that when he accepted the plea agreement, he would be going to a federal facility first and then serve out the remainder of his state sentence thereafter. The transcript of the hearing appears to indicate that when the petitioner was sentenced on his federal conviction, all believed that language making the petitioner's federal sentence concurrent to his state sentence was unnecessary because it was assumed that because the state sentence was the longer sentence, the federal sentence would be served first. Judge Broadwater then indicated his belief that it might be sufficient to amend the petitioner's judgment and commitment order to reflect the parties' agreement that the federal sentence was to run concurrently with the state sentence. On April 5, 2000, an Order was entered directing Mr. Hoxton to contact the BOP to determine if an amendment to the Judgment and Commitment would facilitate the defendant's transfer to a federal facility. It does not appear that any further action was taken as the result of the March 24, 2000 hearing.

On December 26, 2006, the petitioner filed a Motion to Amend his Judgment and Commitment Order because, in his opinion, the BOP had made their position clear: "they

will not credit [his] federal sentence while in state custody despite the fact that the state sentencing court ordered the sentences to run concurrent." Doc. 120, p. 5. Specifically, the petitioner requested that the Court amend its "ambiguous" Judgment and Commitment Order retroactively to ensure that he is given credit on his federal sentence for the time spent in state custody. In addition, the petitioner requested that he be transferred to federal custody, but only if his physical presence in a federal facility was necessary for processing and computation of credit for time served. On January 28, 2008, the matter was referred to Magistrate Judge Seibert, and on April 16, 2008, a Report and Recommendation was entered which recommended that the petitioner's Motion to Amend be denied. On May 6, 2008, the Court adopted the Report and Recommendation. See Doc. 144.

The petitioner now seeks an order directing the Federal Bureau of Prisons and the West Virginia Division of Corrections to honor the July 23, 1999, Order of the Circuit Court of Berkeley County that his state sentence run concurrently to his federal sentence. More specifically, the petitioner seeks the following relief:

> 1. [His] sentence be readjusted pursuant to Title 18 Crime & Criminal Procedure Appx.; Sentencing Guideline Manual § 5G1.3 (b); or
>
> 2. An order be issued to the Federal Bureau of Prisons ordering the BOP to take immediate custody of [him] to allow his undischarged State sentence to run concurrently with his Federal sentence as the State order intended; or
>
> 3. An order be issued to the Federal Bureau of Prisons ordering the BOP to consider his Federal Sentence as being served in a State prison with time served.

Doc. 149, p. 2.

4

III. Discussion

1. The Magistrate Judge's Findings

A. Sentencing Guideline Manual § 5G1.3(b).

The magistrate judge found the following. The petitioner first requested that his sentence be readjusted pursuant to § 5G1.3(b) of the United States Sentencing Guidelines. If applicable, § 5G1.3(b) directs that "the sentence shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment." Section 5G1.3(b) does not apply here. In this case, when the Federal Court imposed its sentence, there were state court charges pending, but no state court sentence had been imposed. ***Romandine v. United States***, 206 F.3d 731, 737-738 (7th Cir. 2000). Therefore, at the time of the imposition of his federal sentencing, the petitioner was not subject to a "term of imprisonment." *See* 8 U.S.C. § 1101(a)(48)(B) (defining "term of imprisonment" as "the period of incarceration or confinement ordered by a court of law"). Accordingly, Judge Broadwater could not order the sentence to run concurrently to a nonexistent sentence yet to be imposed by the state court.

B. The BOP.

The petitioner requests alternative relief with respect to the BOP. First, he requests that an order be issued to the Federal Bureau of Prisons ordering the BOP to take immediate custody of [him] to allow his undischarged State sentence to run concurrently with his Federal sentence as the state order intended. Second, the petitioner requests that an order be issued to the Federal Bureau of Prisons ordering the BOP to consider his Federal Sentence as being served in a state prison with time served.

Pursuant to 28 U.S.C. § 1361, "the district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." However, the Court's authority to issue a writ of mandamus extends only to the issuance of writs necessary or appropriate in aid of its jurisdiction. 28 U.S.C. § 1651. "The remedy of mandamus is a drastic one, to be invoked only in extraordinary circumstances." **Kerr v. United States Dist. Court**, 426 U.S. 394, 402 (1976). "The party seeking mandamus relief carries the heavy burden of showing that he has no other adequate means to attain the relief he desires and that his right to such relief is clear and indisputable." **In re Beard**, 811 F.2d 818, 826 (4th Cir. 1987) (internal quotations omitted). In this instance, the petitioner's right to relief is not clear and indisputable.

As previously noted, the petitioner was in the primary custody of the State of West Virginia at the time he was sentenced and was returned to the State's custody, where his state sentence was imposed. While the state sentence clearly indicates that the petitioner's sentence was to run concurrently with that of the federal authorities, the state court's decision to run the state sentence concurrent to the federal sentence is irrelevant.

Furthermore, this Court has "no authority to violate the statutory mandate that federal authorities need only accept prisoners upon completion of their state sentence and need not credit prisoners with time spent in state custody." **Del Guzzi v. United States**, 980 F.2d 1269, 1271 (9th Cir. 1992). Because the relief the petitioner requests with respect to the BOP is clearly not available, a Writ of Mandamus cannot issue.

C. Petitioner's Objections.

The petitioner states nine objections. This Court will address them in turn.

1. Petitioner argues the R&R states the date the subject Petition for Writ of Mandamus was filed was August 27, 2009, whereas it was actually filed August 25, 2008. As to this Objection, this Court notes that the R&R does misstate the year on which the subject petition was filed. Accordingly, the Objection, while not technically an objection relevant to this Court's instant determination, is noted.

2. Next, the petitioner claims that the magistrate judge's implementation of the Sentencing Guideline Manual 5G1.3(b) is "selective" because it was found not to apply to the petitioner's case. In this case, when the Federal Court imposed its sentence, there were state court charges pending, but no state court sentence had been imposed. **Romandine v. United States**, 206 F.3d 731, 737-738 (7th Cir. 2000). Therefore, at the time of the imposition of his federal sentencing, the petitioner was not subject to a "term of imprisonment." See 8 U.S.C. § 1101(a)(48)(B) (defining "term of imprisonment" as "the period of incarceration or confinement ordered by a court of law"). Accordingly, Judge Broadwater could not order the sentence to run concurrently to a nonexistent sentence yet to be imposed by the state court. Based upon the above, the petitioner's objection here is misplaced, and the same is hereby **OVERRULED**.

3. Petitioner objects to the magistrate judge's reliance on **Romandine v. United States**, for the proposition that the petitioner was not subject to a "term of imprisonment." In his attempt to distinguish the **Romandine** case, the petitioner argues his situation differs because the "circumstances surrounding the defendant's prosecution [in that case] in both federal and state jurisdictions were completely unrelated." As noted in the previous

7

objection, the petitioner's objection is likewise misplaced as he was not subject to a "term of imprisonment." *See* 8 U.S.C. § 1101(a)(48)(B) (defining "term of imprisonment" as "the period of incarceration or confinement ordered by a court of law"). For the same reasons, the objection is **OVERRULED**.

4. Petitioner next objects to the finding that "Judge Broadwater could not order the sentence to run concurrently to a nonexistent sentence yet to be imposed by the state court." He argues that 18 U.S.C.S. 3584 permits "[m]ultiple terms of imprisonment at different times run consecutively [unless] the court orders that the terms are to run concurrently." While an accurate statement of the statute, the petitioner again ignores the fact that the sentence to be imposed by the state court had not yet been imposed. Accordingly, the sentencing judge could not order it to run concurrently. Therefore, this objection is **OVERRULED**.

5. The petitioner requests alternative relief with respect to the BOP. First, he requests that an order be issued to the Federal Bureau of Prisons ordering the BOP to take immediate custody of [him] to allow his undischarged state sentence to run concurrently with his Federal sentence as the state order intended. Second, the petitioner requests that an order be issued to the Federal Bureau of Prisons ordering the BOP to consider his Federal Sentence as being served in a state prison with time served.

Pursuant to 28 U.S.C. § 1361, "the district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." However, the Court's authority to issue a writ of mandamus extends only to the issuance of writs necessary or

appropriate in aid of its jurisdiction. 28 U.S.C. § 1651. "The remedy of mandamus is a drastic one, to be invoked only in extraordinary circumstances." ***Kerr v. United States Dist. Court***, 426 U.S. 394, 402 (1976). "The party seeking mandamus relief carries the heavy burden of showing that he has no other adequate means to attain the relief he desires and that his right to such relief is clear and indisputable." ***In re Beard***, 811 F.2d 818, 826 (4th Cir. 1987) (internal quotations omitted). In this instance, the petitioner's right to relief is not clear and indisputable.

The petitioner was in the primary custody of the State of West Virginia at the time he was sentenced and was returned to the State's custody, where his state sentence was imposed. While the state sentence clearly indicates that the petitioner's sentence was to run concurrently with that of the federal authorities, the state court's decision to run the state sentence concurrent to the federal sentence is irrelevant. "[A] state court cannot unilaterally impose a concurrent sentence on a federal sentence." ***Martin v. Lamanna***, 2009 WL 690686 *7 (D.S.C. Mar. 16, 2009) (citing ***United States v. Hayes***, 535 F.3d 907, 912 (8th Cir. 2008) (stating that "[t]he state court had no authority to designate the federal sentence as concurrent to the state sentence because the federal sentence would not run so long as the defendant remained in state custody"); ***United States v. Eccleston***, 521 F.3d 1249, 1254 (10th Cir. 2008) (stating that "the determination of whether a defendant's 'federal sentence would run consecutively to his state sentence is a federal matter which cannot be overridden by a state court provision for concurrent sentencing on a subsequently obtained state conviction.'") (quoting ***Bloomgren v. Belaski***, 948 F.2d 688, 691 (10th Cir. 1991)). Therefore, "[t]he federal government cannot be compelled by an

9

agreement between the prisoner and the state authorities to grant a concurrent sentence." *Id*. (citing ***Jake v. Herschberger***, 173 F.3d 1059, 1065 (7th Cir. 1999); ***United States v. Miller***, 49 F.Supp.2d 489, 494 (E.D.Va. 1999)). Accordingly, this request and objection is **DENIED** and **OVERRULED**.

6. Petitioner argues that the R&R neglects to address the fact that the two sentences were a result of "a negotiation made by and between both the federal and state authorities. Which, required the petitioner to give a factual basis for his guilty plea, by describing the conduct that gave rise to his federal charges prior to having his federal plea agreement accepted."

While the state sentence clearly indicates that the petitioner's sentence was to run concurrently with that of the federal authorities, the state court's decision to run the state sentence concurrent to the federal sentence is irrelevant. "[A] state court cannot unilaterally impose a concurrent sentence on a federal sentence." ***Martin v. Lamanna***, 2009 WL 690686 *7 (D.S.C. Mar. 16, 2009) (citing ***United States v. Hayes***, 535 F.3d 907, 912 (8th Cir. 2008) (stating that "[t]he state court had no authority to designate the federal sentence as concurrent to the state sentence because the federal sentence would not run so long as the defendant remained in state custody"); ***United States v. Eccleston***, 521 F.3d 1249, 1254 (10th Cir. 2008) (stating that "the determination of whether a defendant's 'federal sentence would run consecutively to his state sentence is a federal matter which cannot be overridden by a state court provision for concurrent sentencing on a subsequently obtained state conviction.'") (quoting ***Bloomgren v. Belaski***, 948 F.2d 688, 691 (10th Cir. 1991)). Therefore, "[t]he federal government cannot be compelled by an

agreement between the prisoner and the state authorities to grant a concurrent sentence." *Id*. (citing **Jake v. Herschberger**, 173 F.3d 1059, 1065 (7th Cir. 1999); **United States v. Miller**, 49 F.Supp.2d 489, 494 (E.D.Va. 1999)). Accordingly, the objection is **OVERRULED**.

7. The petitioner takes issue with the magistrate judge's assumption that "[a]lthough the petitioner does not raise the issue in the petition, it is apparent that he previously requested that the BOP grant him credit towards his federal sentence for the time he has spent in state custody." The petitioner points to the section of his Writ in which he does mention this issue. While the Court notes this oversight, it is not relevant.

8. The petitioner objects generally to the magistrate judge's recommendation that his petition be denied and dismissed. This Court has reviewed the entire record and agrees with the magistrate judge's findings. Accordingly, the objection is **OVERRULED**.

9. Finally, the petitioner objects to the magistrate judge's recommendation that "the Court notify the BOP of its desire for a retroactive designation . . . for service of the petitioner's 41-month sentence" but not his 60-month sentence. The petitioner argues that this "undermine[s] the negotiation made between the federal and state authorities and deprives the petitioner's guilty plea of the character of a voluntary act . . .." The basis of this objection has already been addressed, and overruled in objection #6. For those previously-stated reasons, this objection is likewise **OVERRULED**.

V. Conclusion

Upon careful review of the report and recommendation, it is the opinion of this Court that the **Magistrate Judge's Report and Recommendation [Doc. 177]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. Further, the petitioner's Objections thereto **[Doc. 180]** are **OVERRULED**. Accordingly, the Court is of the opinion that the Petition for Writ of Mandamus **[Doc. 149]** should be, and the same is, hereby **DENIED**, and this matter is **ORDERED STRICKEN** from the active docket of this Court.

**As a final matter, this Court, however, hereby notifies the Federal Bureau of Prisons of its desire and preference for a retroactive designation of the state prison facility for service of the petitioner's 41-month federal sentence for Interference with Commerce by Threat of Violation of 18 U.S.C. § 1951.** This Court is aware that the BOP's preference is to give the Sentencing Court an opportunity to state its position with respect to retroactive designation, which although not binding, can be helpful in its determination to grant or deny the requested relief. This Court further recognizes that the BOP ultimately denied the petitioner's request based upon the sentencing Court's failure to indicate such a desire; however, that failure was the proximate result of the sentencing judge's untimely death. Having reviewed the case, this Court is convinced that the late Judge Broadwater would have indicated his preference for a retroactive designation. This Court agrees with that preference.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and

to mail a copy to the *pro se* petitioner and the Federal Bureau of Prisons.

**DATED:** September 17, 2009.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE